## EMORY JACOB BENNETT V. STATE.

No. 24210. January 5, 1949.

Hon. Robert A. Hall, Judge Presiding.

No attorney of record on appeal for appellant.

*Will R. Wilson, Jr.,* Criminal District Attorney, *George P. Blackburn,* First Assistant District Attorney, and *Thomas C. Unis,* Assistant District Attorney, all of Dallas, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

A jury assessed a penalty of seven years in the penitentiary for the offense of sodomy.

Appellant and one other person in an automobile offered a boy a ride to Dallas, while at a filling station in Garland. He accepted the offer and, as they drove eastward toward Dallas, appellant began to insist that the boy take a drink of liquor. This he consistently refused to do. Appellant then fired a pistol out the window and made threats and caused the driver to turn off on a side road some distance. They stopped and the boy was forced, at the point of the pistol, to go into a corn field with appellant and there engage, with him, in the abominable offense charged. After its completion, appellant fired his pistol several

times in a threat to kill the prosecuting witness, but failed to hit him. He demanded that the boy remain at the place for one hour and drove away. In a few minutes the witness discovered a purse lying nearby, and some papers on the ground around it. He gathered these up, examined them and took them to the chief of police at Garland. Appellant's name appeared on several of these papers. Following the clue thus given, appellant was arrested. The prosecuting witness went to the jail and identified him, as he did positively in the court room.

While appellant did not testify in his behalf, and no explanation was made for the presence of the purse and papers described at the scene of the crime, he offered several witnesses to prove an alibi. They testified that he was in Gladewater during this period of time, which is considerably more than a hundred miles from Garland. The jury found against his defense.

The record contains but one bill of exception. It complains of the admission in evidence of the papers found on the ground. Several reasons are stated as a basis for the objections. The State attacks the bill on the ground that it is not complete, as required by law. This contention will be sustained. Tex. Jur. Vol. 4, p. 316, sec. 217, and cases there cited. However, it is perfectly clear that the evidence as presented was admissible and, even if the bill should be held to comply with the law, it could avail nothing.

No brief is filed in this case and we have not been given the benefit of the viewpoint of appellant's attorneys in behalf of his contention. We find no reversible error and the judgment of the trial court is affirmed.